NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FIRSTFACE CO., LTD.,**
*Appellant*

**v.**

**APPLE INC., SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,**
*Appellees*

_____

2020-2347

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-00612.

_____

Decided:  September 13, 2021

_____

CHRISTOPHER GRANAGHAN, Nelson Bumgardner PC, Fort Worth, TX, argued for appellant.  Also represented by EDWARD R. NELSON, III.

DOUGLAS HALLWARD-DRIEMEIER, Ropes & Gray LLP, Washington, DC, argued for appellees.  Also represented by CHRISTOPHER M. BONNY, East Palo Alto, CA;  SAMUEL LAWRENCE BRENNER, Boston, MA; GABRIELLE E. HIGGINS, San Francisco, CA.

---

Before DYK, LINN, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Firstface Co., Ltd. appeals an *inter partes* review decision of the Patent Trial and Appeal Board (Board) finding claims 1, 8, 9, and 15 of U.S. Patent No. 8,831,557 ('557 patent) unpatentable as obvious on two separate grounds: (1) Fadell[1] in view of an iOS User Guide (iOS)[2] and Gagneraud,[3] and (2) Goertz[4] in view of Herfet.[5] *Apple Inc. v. Firstface Co.*, IPR2019-00612, 2020 Pat. App. LEXIS 12613 (P.T.A.B. July 31, 2020). We *affirm* the Board's decision on the first ground and, accordingly, need not and do not address the second challenged ground.

The only issue as to the first ground is whether substantial evidence supports the Board's finding of a motivation to combine Fadell with Gagneraud to create a mobile phone in which, upon pressing an activation button, the phone's display switches from an inactive state to an active state while a user is simultaneously authenticated.

The Board correctly found an express motivation to combine because of the clear linkage between the references' teachings: Fadell identifies a goal of "quickly and seamlessly" authenticating a user when a user "turns on,

---

[1] U.S. Patent Application Publication No. 2009/0083850.

[2] "iPhone User Guide: For iPhone OS 3.1 Software." J.A. 835.

[3] International Patent Application Publication No. WO 2010/126504.

[4] U.S. Patent Application Publication No. 2010/0017872.

[5] German Patent Application Publication No. DE 19710546.

unlocks or wakes the device," and Gagneraud identifies a similar benefit of saving time and increasing user friendliness by simultaneously authenticating the user when powering on the device. J.A. 34–36; Fadell ¶ 4; Gagneraud ¶ 58. Further, the Board reasonably found that "waking" (the pertinent action of Fadell in view of iOS) and "turning on" (Gagneraud) a device are analogous initial interaction situations by virtue of the fact Fadell refers to them together. J.A. 34 (citing Fadell ¶ 4; J.A. 2275 ¶ 35). The Board concluded, therefore, that a skilled artisan would have been led to implement Gagneraud's simultaneous performance of authentication in waking the device of Fadell. J.A. 34–36. That conclusion is supported by substantial evidence. *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000) ("This evidence [of a motivation to combine] may flow from the prior art references themselves . . . .").

Firstface's contrary arguments lack merit. There is nothing conclusory about the Board's finding of an express motivation to combine based on such "clear and particular" disclosures in Fadell and Gagneraud. *Id.* Nor are we persuaded by Firstface's other arguments, either that Fadell and Gagneraud involve approaches of authentication so completely independent that would preclude their combination or that activating Fadell's display in a simultaneous manner as taught by Gagneraud would alter a fundamental operation of Fadell, for reasons thoroughly discussed by the Board. J.A. 37–39.

For the foregoing reasons, we affirm the Board's decision finding that independent claims 1 and 9 and their dependent claims 8 and 15 would have been obvious over Fadell in view of iOS and Gagneraud.

## AFFIRMED